IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KARSUN RAIN THOMPSON,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:20CV00404 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **SOUTHWEST VIRGINIA REGIONAL** | ) By:  James P. Jones |
| **JAIL/ABINGDON REGIONAL JAIL** | ) United States District Judge |
| **FACILITY,** | ) |
| | ) |
| Defendant. | ) |

*Karsun Rain Thompson, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail nurses failed to provide him appropriate medication in a timely manner.  After review of his submission, I conclude that this action must be summarily dismissed.

Thompson alleges that when he arrived at the Southwest Virginia Regional Jail in Abingdon on January 21, 2020, he told nurses there that he had medication for "HSV2" and that he was experiencing an active outbreak and pain in his groin. Compl. 2, ECF No. 1.  He states that he "never received any medicine or medical attention." *Id.*  Thompson also states, however, that a nurse erroneously told him for three days that his medication would need to be ordered, but "[t]hey wound up having [his]" medication after all. *Id.*  Then, for an unspecified time, Thompson

received his medication "every morning but not at night" and filed inquiries and grievances with unspecified results.[1]  *Id.*  As relief in this action, he seeks "[a] cash settlement and proper medical care for other inmates."[2]  *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Thompson names only one defendant in this case — the "Southwest Virginia Regional Jail/Abingdon Regional Jail Facility."  Compl. 1, ECF No. 1.  A local jail, however, cannot qualify as a person subject to being sued under § 1983.  *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983,

---

[1] Thompson states that he filed unspecified inquiries and grievances on February 5, 7, 9, and 12, and March 3, 13, and 25, 2020.

[2] Thompson is advised that because he is not an attorney, he is not permitted to represent any person in federal court other than himself.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

"liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, alterations, and citation omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."). Because Thompson's § 1983 claims cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. An appropriate order will enter this day. Such a dismissal leaves Thompson free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[3]

                                      DATED:   November 6, 2020

                                      /s/  JAMES P. JONES
                                      United States District Judge

---

[3] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Thompson's allegations might state a proper claim against some person or persons employed at the jail in Abingdon. To prevail in a § 1983 claim of denial of appropriate medical care in jail, an inmate must state facts showing "more than mere negligence" on the part of each individual defendant. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Similarly, an inmate's mere disagreement with "questions of medical judgment" as to the appropriate course of treatment will not support a viable § 1983 claim. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). An inmate has no "constitutional right to the treatment of his choice." *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013). Thompson's allegations in the Complaint suggest merely a short delay before he received medication for his condition—a delay that appears likely to have resulted from negligent oversight. Moreover, his belief that he should have immediately received multiple daily doses of the medication appears to be a disagreement with the medical judgment of the provider.